UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JOHN W. PRITT,

      *Plaintiff-Appellant,*

v.

ELK RIVER, INCORPORATED,

      *Defendant-Appellee,*

and

PRIME SERVICE, INCORPORATED, d/b/a
Prime Equipment; DAVID L.
ELMORE, JR.,

      *Defendants.*

No. 99-1837

Appeal from the United States Magistrate Court
for the Eastern District of Virginia, at Newport News.
James E. Bradberry, Magistrate Judge.
(CA-98-143-4)

Argued: September 25, 2000

Decided: December 5, 2000

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

**ARGUED:** Daniel Patrick Leonard, BAKER, KEENER & NAHRA,
Santa Monica, California, for Appellant. Eric Alan Kuwana, PAT-

TON BOGGS, L.L.P., Washington, D.C., for Appellee. **ON BRIEF:** Robert C. Baker, BAKER, KEENER & NAHRA, Santa Monica, California, for Appellant. David A. Bocian, Matthew F. Stowe, PATTON BOGGS, L.L.P., Washington, D.C.; David C. Bowen, WILLCOX & SAVAGE, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

John W. Pritt ("Pritt") challenges as misleading the magistrate judge's jury instruction concerning proof of sale in Pritt's breach of warranty claim. We affirm.

### I.

While employed by K.F. Wilson Company, Pritt fell from a steel structure at a construction site in Norfolk, Virginia. As a result of the fall, Pritt was permanently paralyzed from the chest down. At the time of the accident, Pritt was wearing a safety harness and a rope lanyard manufactured by Elk River, Inc. ("Elk River"). Just before the fall, Pritt had attempted to secure himself through use of the "choker method" by which the worker wearing the lanyard loops the lanyard around a beam and then secures the snaphook of the lanyard back onto the rope portion of the lanyard itself. If the snaphook is not securely snapped over the rope, the lanyard cannot prevent the worker from falling.

Alleging negligence, breach of the implied warranty of fitness for a particular purpose, *see* Va. Code Ann. § 8.2-315 (Michie 1991), and breach of the implied warranty of merchantability, *see* Va. Code Ann. § 8.2-314 (Michie 1991), Pritt filed suit in Virginia state court. The case was later removed to federal court and proceeded to trial against

Elk River only on the breach of warranty claims.[1] Pritt had prepared his case on the belief that the lanyard used on the day of the accident was a model Z-70-5. Elk River's president, Phillip Clemmons, had so testified during his deposition. Under Virginia law, proof of a sale is critical in breach of warranty actions, and Pritt obtained records indicating that his employer had purchased a number of model Z-70-5 lanyards.

On the first day of trial, Clemmons changed his testimony from that given at his deposition and told the jury that the lanyard Pritt had worn at the time of the accident was not a model Z-70-5, but rather a model Z-70-4. Clemmons explained that since his deposition he had had an opportunity to actually measure the harness in question and had realized that his prior identification of the type of lanyard involved was in error. Clemmons also added that his company had never sold a model Z-70-4 lanyard to any customer in Virginia. This change in testimony was an obvious setback for Pritt, but he nevertheless decided to press on with his case.

At the conclusion of Pritt's case, Elk River moved for judgment as a matter of law on the ground that Pritt had produced no evidence showing that the lanyard he used on the day of the accident had been sold by Elk River. The trial court denied the motion and instructed Elk River to proceed with its case. Elk River renewed its motion at the close of all the evidence, and the motion was denied.

Regarding the sale of the lanyard, the magistrate judge charged the jury, over Pritt's objection, as follows:

> Under Virginia law, the defendant, Elk River, may have given an implied warranty to the plaintiff, John Pritt, that its lanyard was fit for the ordinary purpose for which such lanyards are used. Plaintiff must prove that Defendant Elk River sold the lanyard used by Mr. Pritt to an entity for a price and that entity took title to the lanyard, that is, took

---

[1]Pritt named as defendants Elk River (the manufacturer of the lanyard), Prime Service, Inc. (a seller of Elk River's products), and David L. Elmore, Jr. (an employee of Prime Service, Inc.). The latter two defendants were eventually dismissed, leaving Elk River as the sole defendant.

delivery just like you would take the toaster home from Wal-Mart. The plaintiff does not receive the benefit of an implied warranty if the lanyard was given to his employer or found by his employer.

J.A. 483. After deliberations, the jury returned a verdict in favor of Elk River. Pritt appeals, alleging that the last sentence of the trial court's jury instruction did not properly inform the jury of the controlling legal principles and that as a result he should receive a new trial.[2]

## II.

We review the jury charge to "determine whether the district court's instructions, construed as a whole, properly informed the jury of the controlling legal principles without misleading or confusing the jury to [Pritt's] prejudice." *Hartsell v. Duplex Prods., Inc.*, 123 F.3d 766, 775 (4th Cir. 1997).

Title 8.2 of the Virginia Code, under which Pritt brought his action for breach of warranty, applies only to sales of goods. *See* Va. Code Ann. § 8.2-102 (Michie 1991); *see also Moore v. Allied Chemical Corp.*, 480 F. Supp. 364, 375 (E.D. Va. 1979) ("An implied warranty of merchantability or a warranty of fitness for a particular purpose is made only when a sale of goods occurs."). Without question, safety lanyards are goods under the Virginia Commercial Code. *See* Va. Code Ann. § 8.2-105 (Michie 1991) ("'*Goods*' means all things . . . which are movable at the time of identification to the contract for sale. . . ."). Both parties agree that lack of privity between Pritt and Elk River, or Elk River and Pritt's employer, cannot defeat Pritt's claims. *See* Va. Code Ann. § 8.2-318 (Michie 1991) (declaring that lack of privity is "no defense in any [breach of warranty] action brought against the manufacturer or seller of goods . . . if the plaintiff was a person whom the manufacturer or seller might reasonably have

---

[2]Pritt did not move for a new trial after the verdict. Though the better procedure to correct an erroneous jury instruction is a motion for a new trial, *see Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1349-50 n.2 (4th Cir. 1995), this court will review the instruction so long as the charge was objected to and preserved in the record, *see United States v. Mountain State Fabricating Co.*, 282 F.2d 263, 265 (4th Cir. 1960).

expected to use, consume, or be affected by the goods"). Hence, the question before us is whether the court's charge properly informed the jury of the sale requirement under Virginia law. We conclude that it did not, but that the instructional error was harmless.

The charge begins with an accurate statement of the law that Pritt was required to prove that "Elk River sold the lanyard used by Mr. Pritt to an entity for a price and that entity took title to the lanyard." J.A. 483. However, the charge continues by instructing the jury that Pritt "does not receive the benefit of an implied warranty if the lanyard was given to his employer or found by his employer." J.A. 483. This charge is inaccurate because the warranty would extend to K.F. Wilson Company and hence to Pritt even if K.F. Wilson Company had received the lanyard as a gift, so long as there was proof through either direct or circumstantial evidence, that Elk River had placed the lanyard into the stream of commerce through a sale to some entity. What keeps this case from being reversed is the fact that the error was harmless because there was no evidence of a sale of the Z-70-4 lanyard to any entity. Without a sale there could be no implied warranty.[3]

Under Federal Rule of Civil Procedure 61, a "court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *See also Ingram Coal Co. v. Mower, L.P.*, 892 F.2d 363, 366 (4th Cir. 1989) (applying Rule 61). Because Pritt did not offer any direct or circumstantial evidence of a sale, we hold that the trial court's erroneous jury charge was harmless and did not affect Pritt's substantial rights.

---

[3]Although the magistrate judge during trial had denied defense motions for judgment as a matter of law, he apparently did so with great hesitation. Upon dismissal of the jury after their verdict he made this statement:

> In my assessment of the evidence, if I erred, I erred in favor of the plaintiff because I think that there were two things that could have resulted in the case being dismissed early on. The first is that I think that there was—there is a serious question whether or not there was a sale established which was part of the proof.

J.A. 499.

### III.

For the foregoing reasons, we conclude that the trial court's error in charging the jury was harmless because Pritt did not produce evidence of a sale.

*AFFIRMED*